IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN -9 PM 1: 15

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| DAVID LEE MOORE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 103-165 |
| FREDDIE BROWN, Detention Officer; | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. The matter is now before the Court on a motion filed by Defendant Freddie Brown ("Brown") for summary judgment. (Doc. no. 23). Because Plaintiff has not filed a response, the Court deems the motion for summary judgment to be unopposed.[1,2] See Loc. R. 7.5. For the following

---

[1] The Clerk provided Plaintiff with notice of the Defendant's motion for summary judgment, apprised him of his right to file affidavits or other materials in opposition, and informed him of the consequences of default. (Doc. no. 24). Plaintiff did not respond, and instead requested an extension of time in which to do so. (Doc. no. 29). The Court granted that request and warned Plaintiff once again regarding the consequences of Defendant's motion. Despite these warnings, Plaintiff has taken no action. Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), have been satisfied. That having been established, the complaint is sworn and describes facts based upon personal knowledge. As the verified complaint meets the requirements of 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(e), it is sufficient to create an issue of material fact in response to Defendants' motion. See U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1444 (11th Cir. 1991). Thus, the Court's Statement of Facts is taken from the verified complaint and the documents supporting Defendants' motion.

[2] The Court also notes that the mere fact that the instant motion is unopposed does not entitle the Court to grant the motion without considering its merits. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101

reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant Brown's motion for summary judgment (doc. no. 23) be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant Brown.

## I. STATEMENT OF FACTS

### A. Plaintiff's Account of the Events

Plaintiff is an inmate at Coffee Correctional Facility in Nicholls, Georgia, but at all times relevant to this litigation, he was detained at the Wilkes County Jail ("WCJ") in Washington, Georgia. Plaintiff alleges that while he was detained at WCJ, Defendant Brown, the sole remaining Defendant in this case, punched him in the face. Moore v. Rogers, CV 103-2946, doc. no. 1, p. 5 (N.D. Ga. Sept. 25, 2003)(hereinafter "CV 103-2946").[3] Plaintiff alleges that he was arrested and taken to WCJ at 12:30 a.m. on September 6, 2003. Id. at 4. Once there, he was placed in a holding cell overnight while being held on "felony charges." Id. The officers did not remove his handcuffs. Id. Around 2:30 a.m., Plaintiff asked Defendant Brown to remove the handcuffs because "they was [sic] hurting [his] wrist." Id. Defendant Brown refused, so Plaintiff began to ask "over and over" for Defendant Brown to remove the handcuffs. Id. In order to get Defendant Brown's "attention," Plaintiff began flicking a cigarette lighter which he had in his pocket and accidentally caught his shirt on fire. Id.

Defendant Brown then allegedly ran into the holding cell, removed Plaintiff's shirt

---

(11th Cir. 2004)("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

[3]Plaintiff filed the captioned matter in the Northern District of Georgia; it was subsequently transferred to this District.

2

with a knife and then hit Plaintiff in the face with "his right fist." Id. at 5. This allegedly resulted in a gash under Plaintiff's "right" eye. Id. All told, Plaintiff avers that the incident has caused him to experience dizziness and headaches, as well as the loss of vision in his right eye. Id. at 5; Pl.'s Dep., p. 72-74 (attached at doc. no. 28). Plaintiff seeks $2.5 million in damages. CV 103-2946, doc. no. 1, p. 5.

**B.     Defendant Brown's Version of the Events: Plaintiff's Deposition Testimony**

Defendant Brown relies almost entirely upon Plaintiff's deposition testimony as proof that Plaintiff's rights were not violated. He begins by pointing out that Plaintiff's deposition testimony differs sharply from the account given in the complaint. (Doc. no. 26, p. 2). First, Plaintiff admits that he was being held for attempted arson at the time of the incident. Pl.'s Dep., p. 21; see also Def.'s Ex. A (Plaintiff's Arrest Booking Report, attached at doc. no. 23). On the night of Plaintiff's arrest, Plaintiff was found under his ex-girlfriend's new boyfriend's house with a cigarette lighter and a container of gasoline.[4] Id. at 25, 32-33. Plaintiff also admits that after he was arrested and placed in handcuffs, he was physically violent and attempted to "kick at" his ex-girlfriend and her new boyfriend. Id. at 37.

After his arrest, Plaintiff was transported to WCJ and placed in a holding cell, still handcuffed. Id. at 38. When Defendant Brown, the booking officer at WCJ, refused to remove Plaintiff's handcuffs, Plaintiff began kicking the door of the cell. Id. at 45-46. Then, in a bid to finally get Defendant Brown's attention, Plaintiff somehow took off his pants and deliberately lit them on fire with a second cigarette lighter that police officers had failed to discover upon his arrest. Id. at 29, 47. Plaintiff avers that he "was high" and "basically did

---

[4]It should also be noted that Plaintiff admits his ex-girlfriend had an active restraining order against him at the time of the attempted arson. Pl.'s Dep., p. 24.

3

it as a joke." Id. at 48. According to Plaintiff, he had been drinking alcohol, smoking marijuana, and had also "maybe" taken cocaine at the time of his arrest. Id. at 25, 78.

Defendant Brown then allegedly came into the cell, "stomped the fire out," and hit Plaintiff in the face, who was standing at the time. Id. at 30, 48-49, 61. Moments later, when Defendant Brown and another officer attempted to take the lighter from Plaintiff, Plaintiff struggled with them--the lighter "struck" and Plaintiff's shirt caught on fire. Id. at 51. At this point, Defendant Brown removed the burning shirt with a knife. Id. at 52. By now, Plaintiff was down to his underwear. Id. Defendant Brown left Plaintiff in the cell until approximately 6:00 a.m. the following morning, when he removed the handcuffs, gave Plaintiff a jail uniform, and fed him breakfast. Id.

Defendant Brown also points out that during his deposition testimony, Plaintiff was shown a photograph of his face taken the night of the incident. (Doc. no. 26, p. 2 (citing Pl.'s Dep., p. 76-77)). When shown the photograph, Plaintiff noted, "That photo proves right there that--you can see how my eye is." Pl's. Dep., p. 77. When asked to circle the eye which was hit in the incident, Plaintiff circled his *left* eye, and then acknowledged circling his left eye as follows, "I know that's my left eye; but, overall, [Defendant Brown] hit me in my eye." Id. at 76. Plaintiff made this acknowledgment despite providing in his complaint and throughout his deposition (and indeed moments before being shown the photograph) that it was his *right* eye which was hit. See, e.g., Pl.'s Dep., p. 76. Defendant has provided the photo, labeled Defense Exhibit 7, with Plaintiff's left eye circled and the photo initialed by Plaintiff. See Def.'s Ex. 7 (attached at doc. no. 28). That having been established, the photograph is of poor quality and does not conclusively show whether Plaintiff sustained any

4

injury to either eye, although it does show redness on Plaintiff's forehead. See id.

Defendant Brown now asserts that he is entitled to judgment as a matter of law because: 1) Plaintiff's injury, if any, was *de minimis* and he has therefore not outlined a cause of action under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1997e(e); 2) Defendant Brown did not use excessive force; and 3) Defendant Brown is entitled to qualified immunity. (Doc. no. 25, pp. 3, 5, 7-9). For the following reasons, the Court agrees that Defendant Brown is entitled to summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)

---

[5]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

5

(*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**B.  Merits of Plaintiff's Claim**

    **1.  The PLRA's Physical Injury Requirement Mirrors the Showing Necessary in an Eighth Amendment Excessive Force Case.**

As Defendant Brown points out, the instant suit is governed by the PLRA, which

6

provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." 28 U.S.C. § 1997e(e); see also Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). Defendant Brown argues that because any injury Plaintiff suffered was "*de minimus* [sic]," the PLRA bars the instant suit. (Doc. no. 25, p. 3). Defendant Brown is correct that a prisoner's allegations of physical harm under the PLRA must be more than *de minimis*. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). It is also true that § 1997e(e)'s physical injury requirement applies to all federal actions brought by prisoners, even to the extent that the requirement may bar an otherwise cognizable claim of constitutional magnitude. Harris v. Garner, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *vacated in part and reinstated in pertinent part on reh'g* 216 F.3d 970, 984-85 (11th Cir. 2000)(*en banc*). Nevertheless, the Court is not persuaded that the instant case should be dismissed pursuant to § 1997e(e), provided that Plaintiff has otherwise established a cognizable claim for the use of excessive force.

First, it should be noted that Plaintiff does allege that he suffered a physical injury from Defendant Brown's punch--a gash under his eye and a loss of vision. Pl.'s Dep., pp. 71, 74. Although he has not submitted evidence supporting these allegations, it should be noted that § 1997e(e) is a *pleading* requirement describing what a prisoner must *allege* in order to bring suit. Harris, 190 F.3d at 1286. The Court is not persuaded that Plaintiff's allegations are so facially deficient under § 1997e(e) that the complaint should be summarily dismissed without assessing whether Plaintiff has made a showing that Defendant Brown used excessive force. See Harris, 190 F.3d at 1286-87 (describing § 1997e(e) as intended

7

to curtail prisoner litigation based on "purely trivial allegations of physical injury" and declining to resolve whether *de minimis* uses of force that are "repugnant to the conscience of mankind" might satisfy § 1997e(e)).

Moreover, in assessing § 1997e(e)'s physical injury requirement in an Eighth Amendment excessive force case, the Eleventh Circuit has explained that § 1997e(e)'s physical injury requirement mirrors the showing required to sustain a valid Eighth Amendment claim. See Harris, 190 F.3d at 1287 ("fusing" the physical injury analysis under § 1997e(e) with Eighth Amendment excessive force analysis). As discussed *infra*, the framework used to analyze Eighth Amendment excessive claims also applies to this case. Thus, the Court is persuaded that it should focus its attention on whether Plaintiff has established an excessive force claim which can survive summary judgment, rather than whether Plaintiff's alleged injuries do or do not satisfy § 1997e(e) in the abstract.

### 2. Defendant Brown Did Not Use Excessive Force.

That having been said, the facts of this case are simple. Plaintiff avers that Defendant Brown violated his civil rights when he hit Plaintiff in the face. Although Plaintiff does not identify any particular constitutional right, he presumably argues that the punch violated his substantive right as an arrestee or pretrial detainee under the Due Process Clause of the Fourteenth Amendment to be free from uses of excessive force which amount to punishment. See Lumley v. City of Dade, Florida, 327 F.3d 1186, 1196 (11th Cir. 2003)(quoting Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)); Vineyard v. County of Murray, Georgia, 990 F.2d 1207, 1211 (11th Cir. 1993). In order to prevail on his substantive due process claim, Plaintiff must show that Defendant Brown's conduct "shocks the conscience."

8

Lumley, 327 F.3d at 1196 (quoting Nix v. Franklin County School District, 311 F.3d 1373, 1375 (11th Cir. 2002)). In addition, negligently inflicted harm will not suffice. Lumley, 327 F.3d at 1196.

Further, in evaluating an arrestee or pretrial detainee's allegations of mistreatment while in custody, the Court is informed by "decisional law involving prison inmates." Cottrell, 85 F.3d at 1490; see also Telfair v. Gilberg, 868 F. Supp. 1396, 1405 (S.D. Ga. 1994)(describing "[t]he tendency in this circuit to apply Eighth Amendment standards to Fourteenth Amendment cases"). In fact, the "applicable standard" for excessive force claims under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment "is the same." Cottrell, 85 F.3d at 1490.

In assessing whether a convicted inmate's Eighth Amendment right to be free from cruel or unusual punishment has been violated by a use of force, courts rely on the following factors: 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the extent of the injury inflicted, and 4) whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Telfair, 868 F. Supp. at 1412.[6] Further, in evaluating

---

[6] Of course, as the Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, has argued, the core issue in cases like this one, which regards an arrestee/pretrial detainee, should be whether the defendant intended to punish the plaintiff *at all*, not whether the defendant intended to impose a cruel or unusual punishment, because an unconvicted person--unlike a convicted inmate--should not be subjected to punishment at all. Telfair, 868 F. Supp. at 1412. In assessing this core inquiry, Judge Edenfield has espoused use of the following factors: 1) whether the defendant officer had a legitimate interest in the use of force, and 2) whether the force used was necessary to further that interest. Id. Thus, Judge Edenfield's standard omits consideration of whether the defendant acted "sadistically or maliciously." See Munera v. Metro West Detention Center, 351 F. Supp.2d 1353, 1361 (S.D. Fla. 2004); Jordan v. Cobb County, Georgia, 227 F. Supp.2d 1322, 1334 (N.D. Ga. 2001). This more liberal standard reflects Judge Edenfield's well-reasoned

9

the need for force, courts are reminded that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution. Id. at 1413. In other words, the Court will consider the exigencies of the situation as they fairly appeared to Defendant Brown. Under this standard, it is clear that Plaintiff's right to be free from the use of excessive force was not violated.

Plaintiff, who was admittedly "high" on a cocktail of alcohol and illegal drugs, had set his clothing on fire. The situation, even as Plaintiff describes it, obviously required immediate action, if for no other reason than to prevent Plaintiff from harming himself. Upon entering the cell, Defendant Brown would also have justly been concerned for his own safety, notwithstanding the fact that Plaintiff was still wearing handcuffs.

As Defendant Brown points out, at the time of the incident, Plaintiff had a conviction for aggravated assault, multiple convictions for simple assault, as well as a conviction for a previous escape from WCJ. Pl.'s Dep., pp. 9-14, see also Def.'s Ex. B

---

conclusion that the Due Process Clause "should provide broader protection for pretrial detainees who are subjected to force than for convicted prisoners." Jordan, 227 F. Supp.2d at 1334 (N.D. Ga. 2001).

Notwithstanding Judge Edenfield's well-reasoned argument for a more liberal standard in Telfair, the Eleventh Circuit has consistently relied upon the standards used in Eighth Amendment cases to evaluate the claims of arrestees and pretrial detainees, and this Court is bound by the Eleventh Circuit's opinion on the matter. That having been said, it appears unlikely that application of Judge Edenfield's standard actually generates different results from the traditional analysis in most cases. Munera, 351 F. Supp.2d at 1360-62 (recognizing divergence between Judge Edenfield's "revised standard" and the traditional standard, but holding that the defendant was entitled to qualified immunity under either standard); Jordan, 227 F. Supp.2d at 1339 (noting that actions intended to punish pretrial detainees are also likely to be sadistic or malicious). Regardless, no matter which constitutional provision has been allegedly violated or what precise standard is to be applied, it is clear that if the force applied is reasonable, no constitutional violation has occurred. See Moreland v. Dorsey, 230 F. Supp.2d 1338, 1343-45 (N.D. Ga. 2002)(Fourth Amendment excessive force case).

(attached at doc. no. 23). Simply put, Defendant Brown was faced with the difficult task of securing a violent, intoxicated detainee. Plaintiff, who obviously had full use of his legs and enough upper body mobility to reach a cigarette lighter in his pocket and light his clothing on fire (not to mention remove his pants), posed a significant risk both to himself and to any officer who attempted to intervene. Indeed, Plaintiff continued to struggle with Defendant Brown even after the punch as Defendant Brown attempted to secure the lighter. Pl.'s Dep., p. 51.

Given these facts, the Court is not persuaded that a single punch amounted to an unreasonable or disproportionate use of force, much less force which "shocks the conscience." In a perfect world, Defendant Brown would perhaps have found a way to put out the fire, recover the lighter, and safely secure Plaintiff without punching him. However, the Court will not "view the matter [] from the comfort and safety of [] chambers, fearful of nothing more threatening than the occasional paper cut as [it] read[s] a cold record accounting of what turned out to be the facts." Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004)(Fourth Amendment excessive force case). Rather, given the need for a "split-second decision between action and inaction," it is clear that Defendant Brown's actions were not intended to cause harm. Id.

There is absolutely no reason to believe that Defendant Brown--whose actions prevented Plaintiff from burning himself--intended to punish Plaintiff or to act sadistically or maliciously. If there were any doubt, Plaintiff admits that Defendant Brown later gave him new clothes and fed him breakfast--hardly the actions of a vindictive law enforcement official bent on exacting punishment. Also, Plaintiff has submitted *no* medical evidence

supporting his claim that he sustained any physical injury. Although an excessive force claim does not require a "significant" injury, in order to survive a motion for summary judgment, Plaintiff must come forward with some *evidence* that more than *de minimis* force was used.[7] See Crosby, 394 F.3d at 1335 (upholding grant of summary judgment in Fourth Amendment excessive force case where Crosby had nothing more than "bare allegations" to support his claim that he was physically injured); Harris, 190 F.3d at 1286-87 (Eighth Amendment claim). Simply put, Plaintiff's claim fails as a matter of law. Because the Court determines that Plaintiff has not shown that his constitutional rights were violated, the Court need not reach Defendant Brown's qualified immunity argument.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant Brown's motion for summary judgment (doc. no. 23) be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant Brown.

SO REPORTED and RECOMMENDED this 7th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] In addition, Plaintiff's credibility regarding his injuries is further eroded by his inexplicable decision to change his story during his deposition and claim that his *left* eye had been hit.

12

# United States District Court
## Southern District of Georgia

MOORE )

vs ) CASE NUMBER CV 103-165

BROWN ) DIVISION AUGUSTA
)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/9/05 , which is part of the official record of this case.

Date of Mailing: 6/9/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: *Joe Howell*
Joe Howell, Deputy Clerk

Name and Address

DAVID LEE MOORE SERVED @ PRISON ADDRESS
TERRY E. WILLIAMS, ESQ.
G. KEVIN MORRIS, ESQ.

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate