ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 25 PM 12: 45

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVID LEE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 103-165 |
| | ) | |
| FREDDIE BROWN, Detention Officer; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended that Defendant Brown's unopposed motion for summary judgment be granted. (Doc. no. 31). The time in which to file objections has expired; yet rather than filing objections, Plaintiff has filed a motion "to amend." (Doc. no. 33). Therein, Plaintiff avers that, due to his status as an incarcerated, *pro se* litigant, he was unable to respond to Defendant's motion in a timely fashion. Plaintiff also (belatedly) renews his allegations that he has sustained an eye injury--a bald claim he does not support with any medical records or even an affidavit. (Id. at 3).

Contrary to Plaintiff's averments, he has had more than adequate time to respond. In fact, Plaintiff was given more than two (2) months to do so. He also received warnings from both the Clerk and the Court regarding the consequences of default. Defendant Brown filed his motion for summary judgment on March 16, 2005. The Clerk of Court sent Plaintiff a notice informing him of the consequences of that motion on the same date. (Doc. no. 24). Rather than respond, Plaintiff requested an extension of time, which he executed on March 28,

2005. (Doc. no. 29). The United States Magistrate Judge granted this request, allowing Plaintiff until May 6, 2005 to file a response, and warned Plaintiff about the consequences of failure to respond. (Doc. no. 30). Yet Plaintiff filed no response, and on June 9, 2005, the Magistrate Judge deemed Defendant Brown's motion unopposed pursuant to Local Rule 7.5 and recommended that it be granted. (Doc. no. 31).

Under Local Rules 7.5 and 56.1, a party opposing a motion for summary judgment has twenty (20) days to respond after service of the motion. Here, Plaintiff failed to respond despite being given considerably more than this amount of time to do so. Although *pro se* litigants are afforded leniency in the construction of their filings, they are required to conform to procedural rules. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (*per curiam*); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court. . . .). Here, as outlined above, Plaintiff was warned on two (2) separate occasions of the substantive and procedural requirements for responding to the motion for summary judgment. Cf. Moore v. State of Fla., 703, F.2d 516, 520-21 (11th Cir. 1983) (recognizing unique position of *pro se* prisoner inmates and requiring explicit notice to such litigants of deadlines related to summary judgment motions). Plaintiff was specifically informed that if his response was not filed by May 9, 2005, the motion would be deemed unopposed.

Here, Plaintiff did not execute a response of any kind until June 16, 2005, well after the Magistrate Judge had already issued his Report and Recommendation. (Doc. no. 33, p. 7). Under these circumstances, the Court may disregard Plaintiff's untimely filings. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (affirming district court's decision to disregard filings from *pro se* prisoners that were submitted nine days after court-imposed deadline); see

2

also Young v. City of Palm Bay, Fla., 358 F.3d 859, 863-64 (11th Cir. 2004) (refusing to consider untimely filings where counsel, after receiving repeated extensions of time, failed to meet court-imposed deadlines). As the Sixth Circuit explained, "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim, 92 F.3d at 416.

Moreover, Plaintiff's belated motion "to amend" is insufficient to generate an issue of material fact. Conclusory allegations, unaccompanied by any *evidence*, will not suffice to create a genuine dispute of material fact. See Wise v. Hartford Life and Accident Ins. Co., 360 F. Supp.2d 1310, 1316-17 (N.D. Ga. 2005)(citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990))("Mere conclusory allegations and assertions are insufficient to create a disputed issue of material fact."). Thus, Plaintiff's belated motion "to amend" does nothing to alter the analysis or the conclusions of the Report and Recommendation.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Defendant Brown's motion for summary judgment (doc. no. 23) is **GRANTED**, this civil action is **CLOSED**, and the Clerk is **DIRECTED** to enter a final judgment in favor of Defendant Brown.[1]

SO ORDERED this 25th day of July, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion "to amend" (doc. no. 33) is accordingly **DENIED**.

3

# United States District Court
## Southern District of Georgia

MOORE )

vs ) CASE NUMBER CV 103-165

BROWN ) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 07/25/05 , which is part of the official record of this case.

Date of Mailing: 07/25/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: /s/ Joe Howell
Joe Howell, Deputy Clerk

Name and Address

DAVID LEE MOORE SERVED @ PRISON ADDRESS
TERRY E. WILLIAMS
G. KEVIN MORRIS

[ ] Copy placed in Minutes
[X] Copy given to Judge
[X] Copy given to Magistrate